UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 20-51 |
| SOCIAL SECURITY ADMINISTRATION<br>ANDREW M. SAUL, COMMISSIONER | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

Defendant Social Security Administration's ("SSA") Motion to Dismiss, R. Doc. No. 8, has been referred to me for a report and recommendation. Defendant asserts that the court lacks jurisdiction over this matter because plaintiff Anthony Williams failed to exhaust his procedural remedies under the Social Security Act. Plaintiff filed an Opposition Memorandum and also filed a Motion to Appoint Counsel. R. Doc. Nos. 9 & 19.

The undersigned Magistrate Judge held a hearing on defendant's motion to dismiss and plaintiff's motion to appoint counsel on June 3, 2020. R. Doc. No. 21. The court granted plaintiff's motion to appoint counsel and designated the appointment of a lawyer from the Civil Pro Bono Counsel Panel of this court to represent plaintiff in this matter. *Id.* For the following reasons, IT IS RECOMMENDED that defendant's motion to dismiss be GRANTED IN PART AND DENIED IN PART.

I. **BACKGROUND**

    A. **Complaint**

Plaintiff Anthony Williams filed the instant case on January 8, 2020. R. Doc. No. 1. In his complaint, plaintiff alleges that he has been receiving retirement insurance benefits ("RIB") from the SSA since 2013. *Id.* at 4. He alleges that the SSA later determined that it had overpaid him $13,096.00 in RIB "between April-2013 and March-2018," after which it began deducting

amounts from his subsequent RIB on a monthly basis and applied the deductions to the overpayment. *Id.* at 8, 12. Plaintiff alleges that he challenged this overpayment determination and ultimately obtained a fully favorable decision on December 24, 2018, from an Administrative Law Judge ("ALJ"), who found that, though plaintiff had been overpaid $13,096.00 in RIB, the error did not result from his fault and his obligation to repay the overpayment was waived. *Id.* at 8. Then, in April 2019, after not hearing anything from the SSA, he contacted the SSA to ascertain when he would be repaid those benefits previously deducted from his monthly benefits, and a representative informed him that he would be contacted by the Payment Center, who would advise him on when the money would be deposited into his account. *Id.* at 5–6. Plaintiff later received two notices from the Mid-America Program Service Center, one of which stated that the overpayment occurred between April 2013 and March 2018 and he was not owed any additional payments. *Id.* at 7–8. Plaintiff asserts that there was nothing for the Payment Center to reconsider, because the ALJ previously had found that Williams was not at fault for the overpayment and that the SSA had waived the overpayment. *Id.* at 8.

Plaintiff seeks a court order compelling the Commissioner of the SSA ("the Commissioner") to comply with the ALJ's ruling and repay him $13,096.00 in benefits he believes were deducted to satisfy the overpayment. In addition, he seeks punitive and/or compensatory damages "on the grounds of emotional and mental distress and financial burden and hardship due to the SSA withholding [his] retirement benefits that [were] wrongfully deducted . . . ." *Id.* at 2–3. He does not contest or seek review of the ALJ's ruling. *Id.* at 13.

B.      **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Commissioner moved to dismiss for lack of subject matter jurisdiction. R. Doc. No. 8. The motion is supported by the declaration under penalty of perjury of Christianne Voegele, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations for the SSA, and relevant agency records attached to the declaration. R. Doc. No. 8-2. Voegele declares that on April 30, 2013, Williams received a Notice of Award in which he was determined to be entitled to RIB in the amount of $1,285.00 per month, beginning in April 2013. *Id.* at 4–7. Voegele's declaration and the attached exhibits reveal that on April 27, 2017, the Commissioner notified Williams that he had been overpaid $13,096.00 during the relevant period, finding that the Windfall Elimination Provision should have applied to his receipt of RIB. *Id.* at 8–15. On May 2, 2017, plaintiff filed a request for reconsideration, which was dismissed on August 21, 2017. *Id.* at 16–18.

On September 7, 2017, Williams filed a request for a hearing before an ALJ, which was granted. *Id.* at 19–20. On December 24, 2018, the ALJ issued a fully favorable decision, finding that although the SSA overpaid Plaintiff, there was no fault on his part and the overpayment was waived. *Id.* at 21–28.[1]

Defendant argues that although the SSA did withhold money from plaintiff's monthly benefits in order to recoup the overpayment, after the ALJ issued her favorable decision the overpayment was removed from plaintiff's account, and plaintiff was repaid the deducted money. R. Doc. No. 17 at 1. In support, defendant cites the ALJ's decision and attaches two exhibits: (1) a Notice of Change in Benefits Letter dated January 22, 2019; and (2) an Important Information

---

[1] The ALJ noted in her decision that more than 25 letters were sent to plaintiff between April 30, 2013 and June 25, 2018, many of which "appear confusing and several appear to contain contradictions." R. Doc. No. 8-2 at 26.

3

Letter dated December 2, 2019. R. Doc. Nos. 8-2 at 21–28; 17-2 at 1–4; 17-3 at 1–2. The January 22, 2019 letter provides that "[the SSA has] removed the overpayment from [plaintiff's] record and have repaid any monies used to recover part of the overpayment." R. Doc. No. 17-2 at 1. The SSA did not, however, attach documentation to reflect the alleged repayment of the previously deducted overpayment.

### C.     Plaintiff's Response

In his response, plaintiff argues that defendant's Notice of Change in Benefits, R. Doc. No. 17-2 at 1–4, does not constitute proof that plaintiff was repaid the $13,096.00 allegedly deducted from his RIB. R. Doc. No. 19 at 1–2. Specifically, he argues that defendant failed to submit "a certificate of deposit" or receipt showing that the deducted funds were in fact placed back into his account. *Id.* at 2. He states that defendant does not have a "paper trail to support [its alleged] . . . direct deposit." *Id.*

Plaintiff also argues that, in April 2019, he spoke with an SSA representative, whom he identifies as Mrs. Nevil, who "inform[ed him] that she was [forwarding plaintiff's] file request over to the payment center . . . to deposit the check back into my account." *Id.* at 3. Plaintiff argues that if the SSA had repaid him as it stated in its January 22, 2019 letter, the SSA representative would not have forwarded his request to the payment center, but rather would have informed him that he already had been repaid. *Id.* He states that in November 2019, he contacted this representative again, who informed him that "she spoke directly to the payment center director . . . and my money would be in my account in two weeks[, or in] December 2019." *Id.* at 3, 5. Williams states that after not receiving his benefits by January 2020, he decided to file suit in this court. *Id.* at 3.

Plaintiff states that he was given two Important Information Letters dated December 2, 2019. R. Doc. Nos. 17-3 at 1–2; 19 at 13. He argues that the second letter demonstrates that he was not repaid, because "the payment center Mid-America informed me they are unsure of what benefits was (sic) withheld out of my [RIB] . . . [even though that payment center was the entity] responsible for repaying [his benefits]." R. Doc. No. 19 at 6–7, 13. Plaintiff seems to be arguing that the Mid-America payment center, as the entity responsible for repaying his benefits, should know what benefits were deducted from his RIB if they in fact repaid him, and should not have to transfer his request to another department for that information.

## II.   STANDARD OF REVIEW

The Commissioner brings his motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Mr. Williams failed to exhaust his administrative remedies when he did not seek review of the ALJ's fully favorable decision. On that basis, he seeks dismissal of this matter for lack of subject matter jurisdiction.

"A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Wells v. Ali*, 304 F. App'x 292, 293 (5th Cir. 2008); *Dooley v. Principi*, 250 F. App'x 114, 115–16 (5th Cir. 2007) (citing *Johnson v. Hous. Auth.*, 442 F.3d 356, 359 (5th Cir. 2006); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)). "In analyzing the claims, all well-pleaded facts are accepted as true and should be examined 'in the light most

favorable to plaintiff.'"  *Stem v. Gomez*, 813 F.3d 205, 209 (5th Cir. 2016) (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)).

> Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); *accord Crane v. Johnson*, 783 F.3d 244, 250–51 (5th Cir. 2015) (citations omitted).

A factual attack on subject matter jurisdiction, such as the one presented by the Commissioner's motion to dismiss, challenges the existence of jurisdiction by looking beyond the pleadings. In reviewing a factual attack, the court may consider testimony and affidavits outside the pleadings. *Battaglia v. United States*, 495 F. App'x 440, 441 (5th Cir. 2012) (citing *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981)); *Weeks v. U.S. Comm'r*, 2016 WL 4277531, at *2 (W.D. La. June 20, 2016), *R&R adopted*, 2016 WL 4292000 (W.D. La. Aug. 15, 2016) (citing *Oaxaca*, 641 F.2d at 391; *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012); *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989); *Davis*, 597 F.3d at 649–50; *Lane*, 592 F.3d at 557; *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "If the defendant attacks the facts on which the court's subject-matter jurisdiction rests, the court is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Guillot v. Aventis Pasteur, Inc.*, 2013 WL 4508003, at *4 (E.D. La. Aug 22, 2013) (quoting *Arena*, 669 F.3d at 223). Therefore, in deciding this motion to dismiss, the court considers plaintiff's complaint supplemented by the evidence attached to defendant's motion and supplemental memorandum.

### III.     ANALYSIS

#### A.     Mandamus Relief

Defendant's motion to dismiss for failure to exhaust administrative remedies assumes that plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) ("Section 405(g)") of the Social Security Act of a decision of the Commissioner.[2] Liberally construing this pro se plaintiff's complaint as the court must do,[3] it appears that plaintiff is <u>not</u> seeking judicial review of one of the Commissioner's decisions. Instead, his complaint asks the court to compel the Commissioner to comply with the ALJ's decision and return the benefits that had been deducted, as instructed by the ALJ. R. Doc. No. 1 at 3; *see also id*. at 5 (Plaintiff seeks a court order compelling the

---

[2] **Error! Main Document Only.**Section 405(g) of the Social Security Act provides that
> [a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) of the Act provides: "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *Id.* § 405(h) (emphasis added).

> Only the Commissioner's "final decisions" are subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Davenport v. Astrue*, 417 F. App'x 544, 546 (7th Cir. 2011) (citing *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001); *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992); *Doe v. Sec. of Health & Human Servs.*, 744 F.2d 3, 4 (1st Cir. 1984)); *Riecke v. Barnhart*, 184 F. App'x 454, 456 (5th Cir. 2006). A final decision is a particular type of agency action, and not all agency determinations are final decisions. *See Califano*, 430 U.S. at 107–08; *see also Guillory v. Apfel*, 239 F.3d 366, 2000 WL 1741644, at *3 (5th Cir. 2000) (citing *Califano*, 430 U.S. 99; *Torres v. Shalala*, 48 F.3d 887 (5th Cir. 1995)); *Rothman v. Sec'y of Health & Human Servs.*, 70 F.3d 110, 1994 WL 866086, at *1 (1st Cir. 1994).

> A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies. This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council.

*Celestine*, 486 F. App'x at 419 (citing 42 U.S.C. § 405(g); *Heckler v. Ringer*, 466 U.S. 602, 617–18 (1984); *Sanders*, 430 U.S. at 108; *Weinberger v. Salfi*, 422 U.S. 749, 767(1975); 20 C.F.R. § 416.1400(a)).

[3] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Smith v. Lonestar Constr., Inc*., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); accord *Toala v. Marriott White Lodging Corp*., 456 F. App'x 476, 477 (5th Cir. 2012).

Commissioner to comply with his own "rules, regulations, policies and guidelines" and decisions of the SSA's own ALJ).

Construed broadly, plaintiff's complaint asserts a claim for mandamus relief based on the Commissioner's failure to repay his deducted RIB.

> Under the Mandamus and Venue Act, 28 U.S.C. § 1361, a district court has "jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 1361 did not make any substantive change to the common law of mandamus, but merely extended mandamus jurisdiction formerly exercised only by the United States District Court for the District of Columbia to other district courts. *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) (per curiam) (summary calendar). This Court has found mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff. *See Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 132 (5th Cir. 1994); *McClain*, 834 F.2d at 454.

*Wolcott*, 635 F.3d at 766. "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Id.* at 768 (citations omitted).

In a factually similar case, the Commissioner failed to repay a plaintiff benefits owed for a period of 3.5 years, despite a decision finding that the plaintiff was not overpaid benefits and in fact was owed $10,529.00 in benefits. *Korb v. Colvin*, 2014 WL 2514616, at *2 (N.D. Cal. June 4, 2014). As in this case, the plaintiff expressly stated that he was seeking enforcement of a favorable decision, not judicial review of one of the Commissioner's decisions. *Id.* at *1. The court held that the plaintiff "established a clear and certain claim against the [SSA] for the nondiscretionary enforcement of the Commissioner's final decision favorable to him, for which no other adequate remedy is available. Accordingly, the Court has mandamus jurisdiction to entertain that claim." *Korb*, 2014 WL 2514616, at *8.

Similarly, in *Wolcott*, a Medicare contractor withheld payment from a plaintiff despite the ALJ's final decision requiring the contractor to pay in full. The court held that mandamus relief was appropriate because "the plaintiff [did] not seek a redetermination of administrative decisions . . . but rather enforcement of these administrative decisions." *Wolcott*, 635 F.3d at 764. The court held that the Medicare contractor had a "nondiscretionary duty to issue payment for a successfully appealed claim" which resulted in a fully favorable decision in the plaintiff's favor. *Id.* at 769.

In this case, Williams alleges – and the records submitted by defendant confirm – that he complied with the administrative remedies procedure until he obtained a fully favorable decision from the ALJ on December 24, 2018. Plaintiff expressly states that he is not appealing the ALJ's decision. In addition, there is no evidence in the record, including Voegele's declaration and the SSA notices, that establishes that plaintiff was in fact repaid the money allegedly deducted from his RIB, despite the ALJ's finding that the SSA was not entitled to deduct for the overpayment which was waived. Instead, the record establishes that, if plaintiff's allegations are correct, he has not been repaid the monies deducted from his monthly benefits and he has no alternative remedy to require defendant to perform its nondiscretionary duty to repay plaintiff for the deduction of his RIB for the overpayment.

Accordingly, the court has mandamus jurisdiction over plaintiff's claim seeking a court order compelling the SSA to enforce the ALJ's decision finding that plaintiff was entitled to repayment of the funds deducted from his RIB based on the earlier overpayment finding, and defendant's motion should be denied as to this claim. *Wolcott*, 635 F.3d at 766; *see Korb*, 2014 WL 2514616, at *8.

### B. Compensatory and/or Punitive Damages

As to plaintiff's claim for compensatory and/or punitive damages beyond the amount deducted from his RIB, the SSA and its officials enjoy sovereign immunity as an agency of the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Fabian v. Colvin*, 2014 WL 3952803, at *2 (W.D. Tex. Aug. 13, 2014) (dismissing plaintiff's claim for damages against the SSA on sovereign immunity grounds) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Additionally, 28 U.S.C. § 1361 "does not grant jurisdiction to consider actions asking for other types of relief." *See Wolcott*, 635 F.3d at 766 (discussing how the court's jurisdiction over mandamus claim did not extend to jurisdiction over claim for injunctive relief). Thus, the court lacks jurisdiction as to plaintiff's claim for punitive and/or compensatory damages, and defendant's motion should be granted as to that claim.

### IV. CONCLUSION

For the foregoing reasons, I recommend that defendant's motion be DENIED as to plaintiff's claim for mandamus relief and GRANTED as to plaintiff's punitive and/or compensatory damages claim based on sovereign immunity grounds.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

New Orleans, Louisiana, this __9th__ day of June, 2020.

                                                _____
                                                DONNA PHILLIPS CURRAULT
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.