UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ANTHONY WILLIAMS | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 20-51 |
| SOCIAL SECURITY ADMINISTRATION | * | M.J. CURRAULT |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 34. The Court held a trial, without a jury, on June 23, 2021.

Plaintiff Anthony Williams filed this suit alleging that the Social Security Administration ("SSA") owes him $13,096.00 which it allegedly deducted from his Retirement Insurance Benefits ("RIB") between April 2013 – August 2018 after determining it had overpaid him that amount. ECF No. 1, at 4, 8; *see* ECF No. 57, at 4. Plaintiff challenged the overpayment determination through the administrative process and, on December 24, 2018, obtained a fully favorable decision from an Administrative Law Judge ("ALJ"), who found that, although SSA overpaid plaintiff $13,096.00 in RIB, the error was not attributable to Plaintiff and thus his obligation to repay the overpayment was waived. ECF No. 1, at 8, 12; 57, at 4. Defendant Andrew Saul, Commissioner of the Social Security Administration, denies Plaintiff's allegations and contends that it does not owe any money in connection with the $13,096 overpayment. ECF No. 57, at 5–6. Rather, it withheld only $2,152 ($1,076 from Plaintiff's June and October 2018 payments), and repaid that amount to Plaintiff via a $1,009.80 payment in October 2018 and a $1,142.20 payment in January 2019. *Id*. at 6.

The Court heard testimony from 3 witnesses: Christine Jones, Anthony Williams, and Jill Sheets. Plaintiff introduced 12 exhibits, and Defendant introduced 2 exhibits. Neither party filed any motions at the close of their evidence or the entire case.

Having considered the evidence adduced at trial, the record, the testimony of the witnesses, the arguments and written submissions of counsel, and the applicable law, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a). To the extent, if any, that any of the following findings of fact constitute conclusions of law, or vice versa, they are adopted as such.

## **FINDINGS OF FACT**

1. Anthony Williams ("Williams") has received monthly retirement benefit payments from the Social Security Administration ("SSA") since April 2013. Test. of Jill Sheets ("Sheets").

2. Since April 2013, Mr. Williams received multiple letters from the SSA addressing overpayment of benefits by the SSA to Mr. Williams and often times proposing to Mr. Williams that SSA would withhold all or part of monthly benefit payments as a result of the overpayment. *See* Pl. Exs. 1, 3, 4, 5, 10. Mr. Williams summarized what he believed to be the list of overpayment notices he has received. Test. of Williams; Pl. Ex. 6.

3. These letters describe only *proposed* payments or deductions. Test. of Sheets.

4. Ms. Sheets testified as to Mr. Williams' retirement benefits history with the SSA. As an Inquiries and Expediting Benefits Authorizer currently serving as a Post-Entitlement Technical Expert within the SSA, she reviews individuals' benefits records with the SSA for accuracy of benefit payments and accuracy of post entitlement corrections and

adjustments. Test. of Sheets. In that capacity, she reviewed and was familiar with Mr. Williams' benefit history.

5. Ms. Sheets testified that the $13,096 overpayment addressed in the ALJ's December 24, 2018 opinion and at issue in this case was the result of the SSA discovering that Mr. Williams' monthly benefit payments needed to be reduced due to a pension that he was also receiving. Test. of Sheets.

6. Ms. Sheets testified that the SSA sent notice to Mr. Williams regarding the $13,096 overpayment. Test. of Sheets.

7. Mr. Williams disputed that determination and sought appropriate review. The SSA dismissed his challenge, and Mr. Williams sought a hearing before an ALJ. Test. of Williams.

8. The Administrative Law Judge heard Mr. Williams' appeal that he owed a $13,096 overpayment to the SSA and issued a decision on December 24, 2018. That decision was fully favorable to Mr. Williams, with the ALJ finding that Williams was not at fault for the overpayment, and thus, waived the requirement for Williams to repay the overpayment. Pl. Ex. 2.

9. During trial, Mr. Williams addressed multiple overpayments (*see* Test. of Williams; Pl. Ex. 6) which can be summarized as: (1) $5,304; (2) $570; and (3) $13,096 in 2017 which relates to the alleged overpayment under the SSA's Windfall Elimination Provision. Pl. Ex. 2, at 3; Test. of Sheets.

10. There is no evidence that the first two overpayments were specifically addressed at the administrative agency level.

11. In the ALJ's decision, she did discuss those other two overpayments ($5,304.80 less a $467 underpayment, leaving a balance of $4,837.80) and the SSA's notice of overpayments of $456 and $114 (totaling $570) for overpayments in 2015 through April 2016. Pl. Ex. 2, at 3.

12. The ALJ also noted that many of the more than 25 letters sent to claimant between April 2013 and June 2018 appeared confusing and contain contradictions. *Id.* After making those statements, however, the ALJ confirmed that most of these letters "were sent prior to the time that the issue of the Windfall Elimination Provision arose." *Id.*

13. The ALJ then issued her Findings of Fact and Conclusions of Law, which addressed only the $13,096 overpayment related to the Windfall Elimination Provision. She did not issue any fact findings or conclusions of law with regard to the earlier $5,304 or $570 overpayment issues. Pl. Ex. 2.

14. Evidence during this trial also reflects that, with regard to the $570 overpayment, Mr. Williams conceded the $570 overpayment, as reflected in his Agreement with the SSA to re-pay $48 per month. Def. Ex. F.

15. With regard to the $5,304 overpayment issue, Ms. Sheets explained that the SSA determined it was a one-time payment/severance issue and thus did not impact Mr. Williams' benefits, so the SSA reversed the $5,304 overpayment finding. Test. of Sheets. Def. Exhibit G reflects that Mr. Williams' 2016 monthly benefits do not reflect any deductions/withholdings regarding the $5,304 overpayment issue prior to the SSA's recission of that position, as Mr. Williams confirmed during his cross-examination of Ms. Sheets when discussing his 1099 Form for 2016 which showed $16,074.80 in box 5 rather than $21,379.60 as his net benefits for that year.

16. Ms. Sheets also confirmed in her testimony that the $5,304 and $570 overpayment issues pre-dating the 2017 $13,096 Windfall Elimination Provision overpayment issue are entirely separate. Test. of Sheets.

17. Williams did not appeal the ALJ ruling (Test. of Williams), which was fully favorable to him (Pl. Ex. 2) and thus, he had nothing to appeal.

18. With regard to the Windfall Elimination Provision overpayment issue, in May 2018, SSA withheld $1,076.00 from Williams. That withholding meant that no benefit payments were made by SSA to Williams in June 2018. Def. Ex. G; Test. of Sheets.

19. The only other payment withheld as a result of the Windfall Elimination Provision overpayment issue was in September 2018, when SSA withheld the monthly payment of $1,076.00. Def. Ex. G; Test. of Sheets. Although Mr. Williams' September SSA payment was withheld, the SSA did pay Mr. Williams $1,009.80 in October 2018 as a result of Williams protesting the failure to receive his May payment in June and requesting payment from his local SSA office. Test. of Sheets; Def. Ex. G.

20. Thus, the SSA withheld a total of $2,152 by not paying Williams any monthly benefits for May 2018 (which meant no payment in June 2018) and for September 2018 (which should have resulted in no payment in October 2018). Def. Ex. G. But the SSA released Mr. Williams' May 2018 payment to him in October 2018, so he did receive one check for his May 2018 benefit in October 2018.

21. In January 2019, SSA made two payments to Williams, one as his normal monthly benefit of $902.10 and a second to reimburse him for his normal September 2018 withheld overpayment in the amount of $1,062.20, which he did not receive in October 2018. Test. of Sheets; Def. Ex. G.

22. As to the $13,096.00 referenced in SSA's April 27, 2017 letter and waived by the ALJ in its December 24, 2018 decision, the SSA has already reimbursed Mr. Williams for all benefits previously withheld to resolve that overpayment (i.e., the May and September 2018 payments re-paid to Mr. Williams in October 2018 and January 2019), and thus, it does not owe Williams any more money for withdrawals due to overpayment.

## CONCLUSIONS OF LAW

1. The court must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Smith v. Lonestar Constr., Inc.*, 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); *accord Toala v. Marriott White Lodging Corp.*, 456 F. App'x 476, 477 (5th Cir. 2012).

2. Contrary to Defendant's assertion, Plaintiff does not seek judicial review pursuant to 42 U.S.C. § 405(g). Rather, Plaintiff seeks enforcement of a favorable decision, not judicial review of the Commissioner's decision (i.e., he seeks to enforce the Administrative Law Judge's decision determining that Plaintiff is not responsible for the overpayment and requiring repayment of any funds collected from Plaintiff for the overpayment). *See Wolcott v. Sebelius*, 635 F.3d 757, 764; *Korb v. Colvin*, No. 4:12-cv-03847, 2014 WL 2514616, at *8 (N.D. Cal. June 4, 2014).

3. Under the Mandamus and Venue Act, 28 U.S.C. § 1361, a district court has "jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. Mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to

the plaintiff. *See Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 132 (5th Cir. 1994); *McClain v. Panama Canal Comm'n*, 834 F.2d 452, 454.

5. "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Wolcott*, 635 F.3d at 768 (citations omitted).

6. To the extent Plaintiff seeks judicial review of any issue for which he has not exhausted administrative remedies, 42 U.S.C. § 405(g) does not authorize judicial review and such claims must be dismissed. *See Celestine v. Soc. Sec. Admin.*, 486 F. App'x 418, 419 (5th Cir. 2012) (holding that a claimant may only obtain judicial review of a case arising under the Social Security Act if he has exhausted all available administrative remedies, which requires completion of the four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council); *Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir. 1988) (holding that court had no jurisdiction to review claimant's new claims due to failure to exhaust administrative remedies).

Accordingly,

IT IS ORDERED that judgment be entered in favor of Defendant, Andrew Saul, Commissioner of the Social Security Administration, dismissing Plaintiff's claims with prejudice.

New Orleans, Louisiana, this  24th  day of June, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE